IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02999-BNB

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Timothy Doyle Young, a federal prisoner currently housed in the State of Colorado, originally filed a Civil Complaint in the United States District Court for the Northern District of Illinois ("Northern District of Illinois"). The Northern District of Illinois determined that venue lies in the United States District Court for the District of Colorado and entered an order that transferred the action to this Court.

In an order entered on January 6, 2010, Magistrate Judge Boyd N. Boland instructed Mr. Young to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Young to file his claims on a Court-approved form that is used for filing prisoner complaints. Magistrate Judge Boland also directed Mr. Young either to pay the filing fee in full or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 along with a certified copy of his trust fund statement for the six-month period immediately preceding the initiation of this action.

Rather than complying with the January 6 Order, Mr. Young filed a pleading titled "Notice of Dismissal." In the Notice, Mr. Young asserts that he is forced to dismiss this case because of judicial misconduct. Mr. Young contends that this Court has had "ex parte" contacts with Defendant and continues to "moot the issue in the Order to submit the complaint on the proper form by telling [him] that, in essence, [he] must get a written confession from the BOP about the Inmate Account Statement issue." (Notice at 2.) Mr. Young also asserts in the Notice that the Bureau of Prisons continues to withhold inmate account statements from him and has "committed perjury on the record (#07-ZLW-2240), dkt. # 9) and through the ex parte contacts that the court had with the Defendant." (Notice at 1.) Mr. Young further contends that he has evidence of misconduct because the federal district court in New York transferred a case to this Court, but this Court has not notified him that the case has been filed. Mr. Young also contends that Document No. 1 in Case No. 07-cv-02440-ZLW has been altered, and evidence of the alteration is found in Case No. 09-182.

Mr. Young asserts that he demonstrated in *Young v. Bureau of Prisons*, No. 07-cv-02240-ZLW (D. Colo. Apr. 10, 2008), and in *Young v. Madison, et al.*, No. 08-cv-01622-SLT-LB (E.D. N.Y. Apr. 28, 2008), that prison staff refuses to provide him with a certified copy of his account statement. Although the civil complaint that Mr. Young filed in Case No. 08-cv-01622-SLT-LB includes allegations that his counselor has refused to provide him certified inmate account statements since March 2007, the Eastern District of New York transferred the case to this Court without deciding the merits of Mr. Young's claims. No. 08-cv-01622-SLT-LB, Doc. No. 1 and Doc. No. 10 at 8. Furthermore, in Case No. 07-cv-02240-ZLW, this Court went to great lengths to

determine whether Mr. Young was provided with the opportunity to obtain a certified copy of his trust fund account statement. *See Young v. Bureau of Prisons*, No. 07-cv-02240-ZLW, Doc. Nos. 1 and 8 (D. Colo. Apr. 10, 2008). This Court takes note of Document No. 9 in Case No. 07-cv-02240-ZLW that shows Mr. Young is aware of the proper prison procedure for requesting certified copies of his trust fund account statement; that he received a certified copy when he properly requested a certified copy; and that he received a certified copy of his trust fund account statement in November 2007, which is well after March 2007, the date he identifies in Case No. 08-cv-01622-SLT-LB that his counselor stopped giving him certified account statements. *See* No. 07-cv-02240-ZLW at Doc. No. 9. The Court also notes that Mr. Young in his most recent filing in Case No. 08-cv-01622-SLT-LB concedes that he currently is provided photocopies upon request. No. 08-cv-01622-SLT-LB, Doc. No. 10 at 8.

With respect to Mr. Young's claim that Document No. 1 in Case No. 07-cv-02240-ZLW has been altered as shown in Case No. 09-cv-182, Mr. Young is not a party to Case No. 09-cv-00182 in this Court. Even if Mr. Young were referring to Case No. 08-cv-00182-ZLW, a case in which he is a party, there is no pleading titled "Ct. Claims," or attachment C, or exhibits #2 and #3 or any other filings in that case that indicate the Document No. 1 in Case 07-cv-02240 has been altered. Furthermore, Mr. Young fails to assert how Document No. 1 was altered.

Mr. Young's claim that Case No. 08-cv-01622-SLT-LB was transferred to this Court by the United States District Court for the Eastern District of New York (Eastern District of New York) but has not been filed in this Court has not previously been raised. Upon review of the docket for the Eastern District of New York, the Court finds that the

3

Eastern District did transfer Case No. 08-cv-01622 on April 28, 2008, *see Young*, No. 08-cv-01622-SLT-LB at Doc. No. 3, but this Court did not receive notification of the transfer. Although Mr. Young's inquiry is not properly raised in this case, the Court has contacted the Eastern District of New York regarding the transfer.

Mr. Young over the past three years has purposely filed actions in other federal courts knowing that venue is not proper and that the actions should be filed in this Court. *See Young v. United States*, No. 09-cv-02004-ZLW (D. Colo. Aug. 24, 2009) (transferred from Northern District of California to the District of Colorado pursuant to 28 U.S.C. § 1406); *Young v. United States*, No. 08-cv-00226-ZLW (D. Colo. Apr. 16, 2008) (transferred from the Northern District of California to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. Bureau of Prisons*, No. 08-cv-00182-ZLW (D. Colo. Mar. 3, 2008) (transferred from the District of Columbia to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. United States*, No. 08-cv-00032-ZLW (D. Colo. Apr. 10, 2008) (transferred from the Northern District of California to the District of Colorado pursuant to 28 U.S.C. § 1406(a)). Case No. 08-cv-01622-SLT-LB is another example of Mr. Young's attempt to file an action in a federal district court that lacks proper venue.

Furthermore, in all of the actions that Mr. Young has initiated, except for certain appeals, he claims that prison staff refuses to provide him with certified copies of his trust fund account statements. However, in the following appeals, he has filed certified account statements. *See Young v. Dep't of Justice, et al.*, No. 07-1333 (10th Cir.) (filed Aug. 10, 2007) (certified account statement filed on December 5, 2007); *Young v.*

*United States, et al.*, No. 07-1314 (10th Cir.) (filed July 31, 2007) (certified account statement filed on December 5, 2007); and *In Re: Young, et al.*, No. 07-5154 (D.C. Cir. Filed May 16, 2007) (certified account statement submitted on June 4, 2007). Thus, despite the fact that Mr. Young can and does know how to obtain certified account statements, he has chosen not to do so. Moreover, he fails to comply with this Court's directive to submit to the Court copies of any requests for photocopies of his certified account statements that were either ignored or denied by prison staff. The Court's directive does not seek a confession from prison staff regarding the account statement issue, as suggested by Mr. Young, but simply instructs Mr. Young to verify that he has complied with proper prison procedure for obtaining a certified copy of his account statement and has been denied a copy.

This case is another example of the abusive actions that Mr. Young has filed in this Court and in other federal courts. Mr. Young refuses to comply with the proper prison procedures for obtaining certified copies of his account statement and to follow this Court's directives. The Court, therefore, will not construe Mr. Young's Notice of Dismissal as filed pursuant to Fed. R. Civ. P. 41(a)(1)(A) and enter a voluntary dismissal. Rather, the Court will dismiss the Complaint and action as malicious pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Young is warned that his abusive litigation tactics may subject him to sanctions in addition to his 28 U.S.C. § 1915(g) filing restrictions. Accordingly, it is

ORDERED that the Complaint and action are dismissed as malicious pursuant to 28 U.S.C. § 1915A(b)(1).

DATED at Denver, Colorado, this  1st   day of   March  , 2010.

BY THE COURT:

    s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02999-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/1/10.

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk