IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02999-ZLW

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

UNITED STATES,

    Defendant.



---

ORDER DENYING MOTION TO ALTER JUDGMENT

---

This matter before the Court is the "Rule # 59(e) Motion to Alter Judgment" filed by Plaintiff, Timothy Doyle Young, a *pro se* prisoner, on March 16, 2010. Mr. Young is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. Mr. Young seeks reconsideration of the Order of Dismissal and the Judgment entered on March 1, 2010. The Court must construe the Motion liberally because Mr. Young is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

Although Mr. Young sought a voluntary dismissal of this action, the Court dismissed the Complaint and action as malicious pursuant to 28 U.S.C. § 1915A(b)(1). In the Order of Dismissal, the Court noted Mr. Young's abusive litigation tactics and his refusal to comply with proper prison procedures for obtaining certified copies of his account statement and to follow the Court's directives.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Young's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on February 24, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The instant Motion was filed on March 16, 2010, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, is properly filed as a motion to alter or amend the judgment pursuant to Rule 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Upon consideration of the Motion, and the entire file,

the Court concludes that Mr. Young fails to demonstrate some reason why the Court should alter or amend the March 1 Order of Dismissal and Judgment in this action.

Mr. Young was given the opportunity to file a complaint and a request to proceed pursuant to 28 U.S.C. § 1915 on proper Court-approved forms. Rather than comply with the Court's order, Mr. Young opted to dismiss the action. To the extent Mr. Young argues imminent danger in his Motion to Alter Judgment, this case was not dismissed because of the restrictions that Mr. Young is subject to under § 1915(g). As stated above, Mr. Young had the opportunity to submit a prisoner complaint on a Court-approved form and set forth his claims of imminent danger but elected not to do so. Upon review of the complaint that Mr. Young originally filed in the United States District Court for the Northern District of Illinois and subsequently was transferred to this Court in this action, the Court finds that Mr. Young fails to assert claims of imminent danger. To meet the "imminent danger" requirement "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of past injury or harm are insufficient, *see id.*, as are vague and conclusory assertions of harm, *see White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). To fall within the exception, Mr. Young must assert "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Mr. Young has not done so. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Mr. Young's Motion to Alter Judgment (Doc. No. 13) filed pursuant to Fed. R. Civ. P. 59(e) is denied.

DATED at Denver, Colorado, this  18th   day of   March  , 2010.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02999-ZLW

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/18/10.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk